```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE: Fosamax Products Liability   :
Litigation                          :    1:09-cv-07255-JFK
                                    :
------------------------------------x    Memorandum Opinion
This Document Relates to:           :         & Order
                                    :
Judy Benes v. Merck & Co., Inc.,    :
1:09-cv-07255-JFK                   :
------------------------------------x
```

**JOHN F. KEENAN, United States District Judge:**

Defendant Merck Sharp & Dohme Corp. ("Merck") moves pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b) to dismiss this case with prejudice because plaintiff Judy Benes ("Plaintiff") has failed to provide a Plaintiff Profile Form ("PPF") as required by Case Management Order No. 3 ("CMO 3").

## BACKGROUND

The Complaint in this action originally was filed in the Superior Court of the State of California for the County of Los Angeles on June 17, 2009 by William E. Johnson, Esq. ("Mr. Johnson"). On July 2, 2009, Merck removed the case to the United States District Court for the Central District of California.

On July 22, 2009, the Honorable Christina A. Synder of the Central District of California entered an order to show cause as to why the court should not strike all pleadings


filed by counsel and dismiss the complaint because, as of that date, Mr. Johnson was suspended from the practice of law and was not admitted to that court. Judge Synder provided Mr. Johnson 15 days, until August 6, 2009, to show cause in writing as to why the case should not be dismissed and Plaintiff the same amount of time to obtain counsel who is a member in good standing of the California bar and admitted to practice in the Central District of California. The docket report for the case does not reflect any response by either Mr. Johnson or Plaintiff. Neither does the docket reflect an appearance by anyone other than Mr. Johnson or an order dismissing the case for failure to show cause.

On August 17, 2009, Plaintiff's case was transferred to this Court by the Judicial Panel on Multidistrict Litigation. Section 10.3 of CMO 3 requires plaintiffs in all cases consolidated in this MDL to submit completed PPFs to defense counsel within sixty days of the date that the case is filed with this Court or, for cases transferred here, the date that the conditional transfer order becomes final. If the plaintiff fails to provide a PPF, CMO 3 permits the "defendants to move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice."

In a letter to Mr. Johnson dated August 20, 2009, Merck reminded Plaintiff of her obligation to provide a completed PPF by October 16, 2009, sixty days after the filing of the Complaint.  When Plaintiff failed to provide a PPF by this deadline, Merck sent a deficiency letter to Mr. Johnson dated October 22, 2009.  The letter informed him that, pursuant to CMO 3, Plaintiff had thirty days to cure the deficiency, otherwise Merck would "move to dismiss this action and/or seek other appropriate relief."  Plaintiff failed to provide a PPF within the cure period.

On December 9, 2009, Merck filed this motion to dismiss the case with prejudice as a sanction for Plaintiff's noncompliance with CMO 3.  Plaintiff has not opposed the motion nor offered to provide a completed PPF.

**Discussion**

Rule 37(b) governs Merck's motion. <u>Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers</u>, 357 U.S. 197, 207 (1958).  The rule provides that a district court may impose sanctions "as are just" upon a party who fails to obey a discovery order.  Fed. R. Civ. P. 37(b)(2).  The court has discretion to impose a sanction of dismissal only if the failure to comply resulted from "willfulness, bad faith, or any fault." <u>Societe</u>

3

Internationale, 357 U.S. at 207; Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d. 130 (2d Cir. 2007).

Here, dismissal with prejudice would not be a just sanction because it appears that Plaintiff's failure to comply with CMO 3 is more likely a result of her counsel's inattention than her own willful disregard. All correspondence from Merck regarding CMO 3 was sent to her counsel. Considering that Mr. Johnson filed an action on behalf of a client while he was not authorized to practice law, failed to respond to an order to show cause as to why the Complaint should be dismissed for that reason, and has not responded or otherwise contacted the Court with regard to this motion, the Court cannot assume that he informed Plaintiff of CMO 3, the discovery obligations set forth therein, Merck's letters, or the consequences she faces by refusing to provide a completed PPF.

Although the Court believes dismissal with prejudice is inappropriate, the case still must be dismissed. Rule 11(a) of the Federal Rules of Civil Procedure provides that every pleading "must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. . . . The Court must strike an unsigned paper unless the omission is promptly corrected after being called

4

to the attorney's or party's attention." Fed. R. Civ. P. 11(a). The Complaint was signed solely by Mr. Johnson on July 2, 2009, at which time he was suspended from the practice of law and thus was not authorized to sign the Complaint on behalf of Plaintiff. This defect was brought to light by Judge Snyder's July 22, 2009 order to show cause. Neither Mr. Johnson nor Ms. Benes responded within the fifteen-day period prescribed by the court. Nearly nine months have passed since then and no attempt has been made to cure this defect or otherwise move forward with the litigation.

The Complaint is stricken and Plaintiff's case is dismissed without prejudice. Plaintiff may reinstitute her claims by filing a pro se complaint or by finding new counsel in good standing to file a complaint on her behalf.

SO ORDERED.

Dated:   New York, N.Y.
         April 26, 2010

*John F. Keenan*
JOHN F. KEENAN
United States District Judge

5